May it please the Court, Rachel Rodman, on behalf of New Jersey Bankers Association. Your Honor, I've reserved two minutes for rebuttal. Of course. Go ahead, please. NJSA 1934-45 deprised a select group of businesses and the people who own them of their First Amendment right to participate in elections through political spending. It completely bans independent expenditures. On that, the District Court was right. The statute is not ambiguous, it covers independent expenditures, and it is unconstitutional under Citizens United. The statute also completely bans political contributions. On the constitutionality of that restriction, the District Court erred. The Court made two legal errors, which then influenced its narrow tailoring analysis. The first legal error. Counsel, can I? Oh, I just guess. Because I just want to make sure that I'm on the same page. Are we still required to reach the constitutional question? Because what we have before us, it seems, is a statute that perhaps as best read bars corporations that are engaged in banking. I understand from your briefing that you contend that the best reading of that statute does not reach you. And as such, is that a sufficient grounds to resolve this case? Your Honor, I just want to clarify your question. Sure. Are you are you referencing the issue that was raised in this in our supplemental briefing? Yes. Whether or not the statute itself covers the trade association? Yes. OK. So we believe that New Jersey Bankers has standing to raise the constitutionality of the statute. And the question I think you're asking, Your Honor, relates to facial. The facial. I'm sorry. We're raising a facial challenge. Right. But my question is, why are we reaching a constitutional question if we conclude that is ordinarily read the statute doesn't cover you at all? So I think there's two distinct questions. There's the question of New Jersey Bankers direct standing. Has New Jersey Bankers satisfied Article 3? Does it have an injury in fact such that it's able to bring this case before the court? On that question, there is no issue and the state does not dispute that New Jersey Bankers has been injured by the statute because it has a credible fear of prosecution and its expressive activity was chilled. There is a separate question, Your Honor, that I think relates to what you're asking. If New Jersey Bankers is the one before this court, how can this court then reach the constitutionality of the statute for banks? That is a question of the facial constitutionality of the statute. And regardless of whether New Jersey Bankers itself is subject to the statute, we believe a facial challenge to the law is appropriate and is a question of the court hearing. Well, I know I understand that's what you're fearing. I get that that's how you pled it, and I understand from your supplemental brief you're not raising associational standing on any party, on behalf of any party, not before the court. But the question still remains, if the case can be resolved on statutory grounds, what occasion would require us to go further and interpret the constitutional question? I understand that we might, but why would we? Your Honor, there's really one primary reason why we think it's appropriate for you to go further and reach the constitutionality of the statute, even if you hold that the statute is not directly applicable to New Jersey Bankers. And that's because the courts recognize through the facial overbreath doctrine that there is societal value in addressing statutes like NJSA 1934-45 that are unconstitutional and overbroad. That is why we have the facial overbreath doctrine that allows plaintiffs like my client, irrespective of whether it has associational standing, to come before the court and say the statute is unconstitutional in its application to parties that are not before this court. But that's the problem, right? You have the opportunity to join necessary parties in order to bring individuals withstanding before the court to raise that challenge. You also have the opportunity to avail yourself of the associational standing doctrines that have been explained by this court and, of course, the Supreme Court. But the middle ground here is it's just you. You're not representing anyone else. And now you still want us to go beyond the text of the statute to find the constitutional question that you're raising. I'm just not sure why we would do that, given the canons of narrow construction that we have repeatedly cited. If full relief can be granted to the claim that you have brought based on the statutory issue, then why would that second question regarding constitutionality as to other individuals await a separate action? Your Honor, if the underlying constitutional question is not resolved, New Jersey bankers will always be waiting for the other shoe to drop. Allowing trade associations that are comprised of and funded by entities that are banned under the law, allowing those entities to make contributions is an enormous loophole to the policy goals of NJSA 1934-45. And I have to think, and I'm sure the state can address, that it would be highly motivated to close that loophole. The legislature could pass a law tomorrow that brings trade associations within the ambit of 1934-45. I believe that kind of statute would be constitutional if the underlying statute itself is constitutional under the anti-circumvention interest. Why don't you start with the absurd result? I mean, I think you're getting there, but I thought that was your answer to Judge Beatty's question, right? That if the wording of the statute affects your member banks, right? But you're asking, you're saying that it extends to trade associations. The absurd result would be, well, we'll get around the statute by putting all our money into the trade association. The trade association would make all of the contributions. I thought the absurd result is where you'd start, no? Well, I'm sorry, I'm not quite following the question. Trade associations, right, don't fall within the ambit of the statute. So the way to get around the statute would be just let's pool our money in the trade association because the language of the statute says no corporation carrying on the business of the bank. So individually we can't do it, but let's do it through the trade association. Well, Your Honor, I think if there is a construction of the statute that trade associations are not directly subject to the act, it would permit trade associations to make such contributions subject to the existing campaign finance limits. But that is not full relief, Your Honor. You can see my puzzle. I can see your. Tell me why that's not forward. And I apologize that I'm not articulating the facial overbreath doctrine in a way that's helping you understand. The statute doesn't shorten. No, it's fully my misunderstanding. If the statute doesn't apply to the trade association and the trade association. Can I pause you there? The New Jersey Attorney General has taken the position for over 20 years that it does, and no party has briefed that question. And I would ask that the parties have an opportunity to weigh in on that question if the court is thinking and leaning towards a ruling, a dispositive ruling in this case that would resolve the appeal based on an issue that's not been briefed. I mean, apologies. I thought it was addressed in the supplemental brief. But what are you saying is not before us? I didn't understand that answer at all. Yeah. So the supplemental briefing addressed whether or not New Jersey Bankers Association has standing. As well as what was the relevance of the attorney general's regulatory guidance. Right. And so our position on the relevance of the regulatory guidance is that it conferred standing on New Jersey Bankers. We did not address the question of statutory construction on the merits of whether or not a bank, a banking trade association is subject to NJSA 1934-45. No party has briefed that issue. Do you believe that there is sufficient lack of clarity in the statute that the trade association could be considered a business, a corporation conducting the business of banking? Because I thought I heard you say a minute or so ago that it was not. I'm sorry if I gave you that impression, Your Honor. I'll be honest with you. It's not a question that we considered because we didn't contest the applicability of the statute on the ground that we weren't covered by the statute. The reason for that is because we felt confident in our direct standing, given the attorney general's position on the statute. And because this is a First Amendment case, the doctrine of facial overbreath allows us to challenge the law, not just as applied to New Jersey bankers, but as to banks. So I think... So you're arguing that the facial overbreath doctrine allows you to, and I don't want to, I don't mean this term to sound pejorative, but to circumvent the associational standing requirements or the joinder requirements by raising this on behalf of parties that aren't before the court. Your Honor, I believe it does. To succeed on a facial challenge under the United States v. Stevens, that would be our primary authority for the point, New Jersey bankers must show that a substantial number of the applications of the bank ban are unconstitutional, and that those unconstitutional applications outnumber the constitutional ones. So even if the statute is constitutional as applied to New Jersey bankers because it doesn't apply to New Jersey bankers, it is plainly unconstitutional as applied to banks, which is its primary target. This issue that you have before you is precisely the reason we have the facial overbreath doctrine. It's also the reason we have Article III standing requirements, so that the parties who have the direct interests, a concrete injury that can be traced to the conduct and redressed, are here to represent that argument. And the associational standing doctrine sometimes steps in to help, but without either of those, I'm still struggling a bit to see why the natural resolution of a case involving the ordinary meaning of a statute wouldn't be to determine the best ordinary meaning of the statute. And as you say, whatever happens after that happens after that, and the courts would remain available to hear those cases and controversies, but I don't want to monopolize the conversation. Judge Greenaway, I see that you also look confused by my presentation here. Are there some questions that you have that I might be able to clarify? Just confused by my saying I didn't want to monopolize the conversation. I was amused by that, not particularly confused by that. So here's what I'm not sort of getting about your argument. Right, so associational standing is over there, right? So you say that as an entity, you have standing. And as I understand this controversy, the problem that the judge is having, which I think all of us share, is if you just look at the wording of the statute, you would say, okay, NJPA does not fall within the ambit of that. You're relying on what the attorney general has stated. That's great, but we're not bound by that, right? So the question is, you know, how do we read the statute in such a way that NJPA comes within the ambit of it? And so I thought where you were going was, okay, but if it doesn't apply to us, you can have an absurd result, which is what I was referring to earlier. So I thought that would be your response to the judge's question, and then it seemed that it wasn't, so hence my confusion. I understand, and now I understand better your question about the absurd result. That question that you're raising about if you don't construe the statute to apply to a trade association like my client, and not all trade associations are created equal, but my client is comprised of and funded by banks. If it does not apply to my client, it's very difficult for me to see how NJSA 1934-45 doesn't have a loophole so large you can ram a truck through it. That is why, in my view, the attorney general has taken the position that they have that trade associations are subject to the ban. But it is this precise issue on which we haven't fully briefed that issue for the court. Again, I'm someplace else. The attorney general has contended that a trade association of banks, UR, is subject to the prohibition contained in the statute that I'm ending with 45. That statute clearly says no corporation carrying on the business of a bank. So isn't the issue of whether you are carrying on the business of a bank squarely before us and whether you're even part of that statute, whether you're governed by that statute, you're saying you haven't briefed it. I've been reading briefs in this. That issue is squarely before this court. Your Honor, I agree the issue is before the court, but in terms of the legal issues that the parties have briefed and have been raising, we've been focused on the constitutional questions. But back to Judge Mady's question, I think it's axiomatic, fundamental, going back to when I was in law school 50 years ago. If you don't have to reach the constitutional question, you don't. If it's unnecessary to decide a case for the litigants before you, the appellate parties before you, you decide it on that narrower ground. Your Honor, again. Have I been poorly trained? No. Get that tuition back. I understand Your Honor's point of view. I think where the confusion is is that this case presents some unique circumstances that the court's grappling with. On the one hand, we have a trade association. That trade association is comprised of and funded by the entities that are subject to the ban. We also have an attorney general opinion that said the trade association is also subject to the ban. And because of that, New Jersey Bankers has standing in this case to amount to challenge. The question you are raising is whether or not it has standing to bring a facial challenge or the court must be limited to an as-applied challenge. And in addressing that as-applied challenge, the resolution I am hearing is that the court would feel compelled to resolve that question on the narrower ground that the statute just simply doesn't apply to New Jersey Bankers. I think part of the confusion is because we are a trade association, if there was just a bank here and the bank was a small community bank, let's say the bank didn't engage in government contracting and it only ever wanted to give $25 to candidates, would the court look at that challenge and say, well, this is a community bank and it only wants to give $25, so the only question we are going to consider is whether the statute is constitutional as applied to that individual bank's circumstances. I don't think so because the same principle of facial over-breath in the First Amendment context would apply. So I think what's confusing here is the fact that New Jersey Bankers is an association, that it didn't raise associational standing, but yet it has direct standing and is bringing a facial over-breath challenge through its status as a trade association with direct standing. That was a lot of words. Do you have further questions or do I need to clarify? No, we're good. Thank you so much. Thank you. If we disagree with the Attorney General on the issue of whether the association falls within the ambit of the statute, can we get to the constitutional question? I think the answer is you don't need to. I want to be very clear that we think the right answer in this case is that the statute does apply to a trade association's contributions for the reasons the Attorney General laid out in the 2002 letter and the death law is constitutional. But I think Judge Mady is absolutely correct. There's no need to decide a constitutional question if the case can be disposed of on statutory grounds. So if the court is not prepared to accept that entire holding or even if it just wants to avoid the constitutional question entirely, it can resolve the case on that ground. Does the absurd result hypothetical that we've been discussing address sufficiently the issue such that we can't go the route of constitutional avoidance? I think that goes to why the Attorney General reads the statute to reach a trade association's contributions in the first place. That's sort of the same rationale that's laid out in that 2002 letter. But it certainly doesn't preclude that as the result in this case. That narrow reading that statute simply doesn't apply to a trade association's contributions because that not only disposes of the case, it provides full relief to appellant for the only harm that's been sufficiently pled in this case. Appellant made a choice to bring this case solely on a theory of injury to a trade association because of a trade association's inability to make contributions. They chose not to bring a small community bank in as a plaintiff. They chose not to pursue a theory of associational standing. That choice has a consequence here, which is that the only harm before this court is the inability of a trade association to make contributions. Harm being an Article III harm. So I think we're not in disagreement with the thrust of the panel's questioning. The court can resolve the issue completely and dispose of this case providing full relief to the only harm that's at issue by simply resolving it on the statutory ground without the need to address the constitutional question. Perhaps in that regard, you can tell me in the court where the association fits into this... I'll forget all the numbers and just call it 45. It has a long list. I mean, clear down to aqueduct companies and electric light. I mean, where in there is the Bankers Association? And how is it carrying on the business of banking or any one of those other things? Give me your best argument. So I think my best argument is that the statute expressly reaches a bank's contributions, and the animated concern in the 2002 regulatory guidance is that if the statute is not interpreted to apply to a trade association's contributions, then banks would have an easy workaround. They could form a trade association purely as a vehicle for which to pass their own contributions directly to candidates. So I think the anchor is the textual reference to banks, but it's also the... The association isn't a bank. I don't dispute that, Your Honor. It's really the underlying purpose of the statute that's animating that, and obviously the Attorney General's interpretation is something that state courts look to in the interpretive analysis. We don't dispute that the narrow interpretation is an available interpretation, and that's why we think constitutional avoidance is entirely appropriate here. To be clear, we do read the statute to apply to a trade association for the same reasons we laid out in the 2002 letter, but the court can and should avoid that, the constitutional question entirely, by simply adopting the available interpretation that it doesn't. The Ron Peer Enterprises case states, the plain meaning of legislation should be conclusive except in rare cases in which the literal application will produce a demonstrably at odds with the intention. How can you say that by excluding them, it's demonstrably at odds when they've listed everything in there? Give me your best argument there. Your Honor, I think my best argument is the same workability, workaround concern that I just explained, that the underlying purpose of the statute is to prevent quid pro quo corruption from contributions by these enumerated industries, and if a trade association was not covered, then a bank could exploit that workaround, and that would undermine the underlying purpose, and as that 2002 guidance letter explains, the legislature would not want the statute implemented in a way that's contrary to its purpose. Again, we think that is the better reading in the statute, not necessarily the only possible reading of the statute, and I think the core issue here is that when there are two available readings of the statute, and adopting a narrower interpretation offers full relief to the only plaintiff in the case, for the only harm that's been sufficiently pled, it's better to simply resolve it on statutory grounds, and to avoid the constitutional question entirely. We think underlying avoidance principles and Article III limitations on federal jurisdiction drive the analysis to that result here. But again, our first order of preference is that we do think the statute applies to trade associations and is constitutional on that basis. So it would apply to any trade association that was formed that would apply to any of the businesses enumerated in 3945? All we've said is that it would apply to a trade association of banks because a trade association of banks is comprised of and funded by banks. Candidly, I don't know the answer to the question whether the same reasoning is true for every one of those enumerated industries. The only issue that the state has opined on, the Attorney General has opined on, is that it would cover a trade association. But if we get to the constitutional question, isn't that implicitly what we'd have to find to get there, right? Because you'd want us to agree, okay, the association in and of itself has standing, putting aside the question of associational standing. So that would mean any association that could be formed regarding any of the industries enumerated in the statute would likewise have standing. That can't be where this should go, right? But that would be a natural consequence of a ruling along those lines, wouldn't it? Like what's special about banks in this instance, right? Wouldn't any association representing any of the enumerated businesses fall into the same category that association would have standing? I think you could probably make the same argument about a trade association of any of the enumerated industries. I just don't want to commit to that reading because that question is not before the court. The only question before the court is the application to a trade association of banks. I think the reasoning in the 2002 guidance probably applies equally to some of the other industries enumerated in the statute. Do we owe any deference to the reading of the Attorney General? The Attorney General's longstanding views certainly get weight in the analysis. That's how state courts review statutes. They would defer to the Attorney General's views. And state courts would also look to the underlying purpose of the statute. They would also look to the text. So, yes, the Attorney General's interpretation would get some deference in the analysis in a state court. So do we owe any deference? I think this court is making a prediction about how the state's highest court would resolve the interpretive issue. So the analysis is essentially the same. The court is predicting how a state court would resolve this issue. A state court would give some deference to the Attorney General's views. Deference is not dispositive. It's one factor, but essentially, yes. I'm not aware of any, but was there an interpretive position taken on this statute during the majority of its life? It's passed in 1911. 2002 is when the regulatory guidance is out. Between there, I'm not aware of there being any definitive interpretation of it. We aren't either, Your Honor. We're not aware of any instance of enforcement on that basis. The 2002 guidance, as far as we're aware, is the first time that issue has been interpreted. What about the, you know, the basic sort of issue that we've been dealing with, contributions, independent expenditures? It's clear that the statute invokes both. Yeah. We don't think so, Your Honor, obviously. Yeah, but let's spend some time on that. As soon as we get to that. I don't get that. Well, so there are two different issues. We do think that on the contributions issue that Beaumont controls the analysis. On the expenditure issue, you know, the test is if there is a plausible interpretation that it only applies to contributions, the court should adopt that as the authoritative meaning of the statute. We think the text, the non-enforcement history, the purpose of the statute all point in the same direction, that that is a plausible reading, that it only applies to contributions. And we think the court should. And what about the argument that the language of the other statutes within the chapter, you know, identify the direct object and that obviously creates the distinction. We think that the use of the words pay or contribute and other parts of the same statute actually cuts the other way, because there the legislature used pay or contribute only when it's talking about direct payments to another. And so it's usually presumed that when the legislature uses a term in one place, it means the same thing where it uses it somewhere else. And so that, I think, cuts strongly in favor of adopting a uniform interpretation of that phrase. Obviously, the fact that the legislature could have been more clear to rule out the possibility that it reaches expenditures is not a basis to read it that way, especially when in 1911, when the law was enacted, expenditures were largely not in vogue as a campaign finance tool yet. And so the legislature... No PACs in 1911. Not that we're unaware of. And so, you know, the mere fact that the legislature could have been clear to rule out a potential application obviously is not a reason to assume that's what they meant. If that were the case, avoidance would almost never apply, because it's always possible that the statute could have been written more clearly to avoid the ambiguity. It's also possible that a statute that's nearly 100 years old might need some refreshing in order to address different circumstances. But we have to take the language as we have it, right? That's true. And I don't think that points to a constitutional problem. I think the age of the statute is really an important piece of context here. It might be different if a state had passed a law today after expenditures are a widely known tool. But in 1911, the legislature was really only concerned with contributions, because that's where it was seeing a risk of quid pro quo. And so the context and the text don't suggest that the legislature had expenditures in mind at all. I'd just like to sum up by kind of returning to where this conversation started. I think the question before this court is, do you need to go further than simply resolving this case on statutory grounds to say that the statute doesn't reach trade associates' contributions? And obviously the answer is no. This is a perfect example of a case where resolving it on non-constitutional grounds avoids the constitutional question, provides full relief to the party for the only harm that's been alleged. And I think Judge Nygaard's point is absolutely right. It's axiomatic that this court doesn't have to reach a constitutional question if it doesn't need to. I think that's dispositive in this case. Okay. Thank you very much. Thank you. Your Honor, I'd like to address just a few points. First on the question of the statutory interpretation and whether or not the statute can be interpreted to apply to banks. I think the key language there is no corporation carrying on the business of a bank. What does that mean? New Jersey Bankers is a corporation. It is funded by – I'm sorry. It is a corporation and it is funded by banks and it is comprised of banks. And its mission is to advocate on behalf of banks. Is that trade association a corporation carrying on the business of a bank? I think that is the question for the court on statutory construction. And in light of the broad purposes of the Act, well, quite broad purposes of the Act in our view, to stamp out the influence of wealthy regulated industries of the early 20th century, it would be an appropriate construction to interpret the law to include trade associations. But I think it's that language that is the key consideration for the court. On the question of whether or not that construction would provide New Jersey Bankers full relief, I want to be clear that it would not. New Jersey Bankers Association brought this case on the constitutional question of whether the statute, and in particular the bank ban, was constitutional. And a ruling that that statute does not apply to New Jersey Bankers does not afford the relief that New Jersey Bankers has requested, which is a declaratory judgment declaring the bank ban unconstitutional and an injunction prohibiting the Attorney General from enforcing the ban. Now, I think the legal question here is whether or not this court can reach that issue, given what I'm sensing is an inclination to interpret the statute more narrowly to exclude trade associations. My view is that it can, and that the appropriate legal doctrine for the court to apply to reach the question is the doctrine of facial overbreath, and in particular the legal standards set forth in U.S. v. Stevens. With that, Your Honor, I assume my time is up, unless you have further questions. Okay, thank you so much. Thank you. Counsel, thanks very much for those arguments, and we'll take the matter under advisement.